FILED IN OFFICE
CLERK SUPERIOR COURT
~~~~~~~~ COUNTY, GA

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

2018 AUG 29  AM 10: 56

RICHARD ALEXANDER, CLERK

| | | |
|---|---|---|
| STEVE GOODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-AO6334-7 |
| | ) | |
| FLOCO FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL TO CLERK OF GWINNETT COUNTY

**TO:   THE CLERK OF THE SUPERIOR COURT OF GWINNETT COUNTY**

Please take notice that Floco Foods, Inc. ("Floco Foods"), Defendant in the above-styled

matter originally pending in the Superior Court of Gwinnett County, State of Georgia, as Civil

Action Number 18-AO6334-7, did on this 29th day of August, 2018, file in the United States

District Court for the Northern District of Georgia, Atlanta Division, its Notice of Removal of

said case to said Court.  A copy of said Notice and Exhibits thereto filed in the United States

District Court for the Northern District of Georgia, Atlanta Division, are attached hereto.

This 29th day of August, 2018.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

Sarah H. Lamar
Georgia Bar No. 431185
*Attorneys for Floco Foods, Inc.*

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone:    (912) 236-0261
Facsimile:    (912) 236-4936
Email: slamar@huntermaclean.com

Page 1 of 2

4845-0143-6784 v1

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

STEVE GOODWIN,                          )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )   Case No. 18-AO6334-7
                                        )
FLOCO FOODS, INC.,                      )
                                        )
            Defendant.                  )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL TO CLERK OF GWINNETT COUNTY** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid and properly addressed to the following:

John M. Brown, Esq.                 Shellana Welch
2603 Commons, Blvd., Suite 3        Post Office Box 358
Augusta, Georgia 30901              Grovetown, Georgia 30813
mike@mikebrownlaw.net               shellana.welch@gmail.com

This 29ᵗʰ day of August, 2018.

                    HUNTER, MACLEAN, EXLEY & DUNN, P.C.


                    _____
                    Sarah H. Lamar
                    Georgia Bar No. 431185
                    *Attorneys for Floco Foods, Inc.*

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone:    (912) 236-0261
Facsimile:    (912) 236-4936
Email: slamar@huntermaclean.com

Page 2 of 2

4845-0143-6784 v1

**USDC NOTICE OF REMOVAL W/ATTACHMENTS**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| STEVE GOODWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. |
| | ) |
| FLOCO FOODS, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA**

PLEASE TAKE NOTICE that Defendant Floco Foods, Inc., by and through its attorneys, Hunter, Maclean, Exley & Dunn, P.C., pursuant to 28 U.S.C. §§ 1446, hereby removes this action from the Superior Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia on the following grounds:

1.     On or about July 23, 2018, an action was commenced in the Superior Court of Gwinnett County, Georgia, entitled *Steve Goodwin v. Floco Foods, Inc.* Case No. 18-AO6334-7 (the "Superior Court Action").

4831-5375-4480 v1

Case 1:18-cv-04102-CAP   Document 1-4   Filed 08/29/18   Page 5 of 38

2. Defendant was served with a Notice of Lawsuit and Request for Waiver of Service of Summons and the Complaint through its Registered Agent CT Corporation on July 30, 2018.

3. Counsel for Defendant signed the waiver of service of summons on August 20, 2018, which is attached.

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

4. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of this action since, as indicated in the Complaint, Plaintiff's claims arise out of alleged violations the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and therefore, this action arises under the Constitution, laws, or treaties of the United States.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

5. Personal jurisdiction is proper in this case. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in this Court for removal purposes because the U.S. District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district embracing the Superior Court of Gwinnett County, Georgia, where the Superior Court Action was originally filed.

6. Copies of all process, pleadings, orders, and other documents filed in the Superior Court Action are attached as Exhibit A.

Page 2 of 6

4831-5375-4480 v1

7.    This Notice of Removal is filed within thirty days of service (or other receipt) of the Complaint on the Defendant. Removal is timely under § 1446.

8.    A true and correct copy of this Notice of Removal is being filed with the Clerk of the Superior Court of Gwinnett County, Georgia.

9.    Written notice of the filing of this Notice of Removal is being given to all adverse parties in this case.

WHEREFORE, the Defendant gives notice that the Superior Court Action has been removed to this Honorable Court. By this Notice of Removal, the Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action; the Defendant intends no admission of fact, law, or liability, and expressly reserves all defenses, motions, and pleas.

4831-5375-4480 v1

This 29<sup>th</sup> day of August, 2018.

<div style="margin-left: 40%;">

HUNTER, MACLEAN, EXLEY
& DUNN, P.C.


*/s/ Sarah H. Lamar*
Sarah H. Lamar
Georgia Bar No. 431185
*Attorneys for Floco Foods, Inc.*

</div>

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone:   (912) 236-0261
Facsimile:   (912) 236-4936
Email: slamar@huntermaclean.com

4831-5375-4480 v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **STEVE GOODWIN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| vs. | ) |
| | ) |
| **FLOCO FOODS, INC.,** | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** upon all parties to this matter by depositing a true copy of the same in the United States Mail, proper postage prepaid, properly addressed to the following:

John M. Brown, Esq.  
2603 Commons, Blvd.,  
Suite 3  
Augusta, Georgia 30901  
mike@mikebrownlaw.net

Shellana Welch  
Post Office Box 358  
Grovetown, Georgia 30813  
shellana.welch@gmail.com

4831-5375-4480 v1

This 29<sup>th</sup> day of August, 2018.

<div style="margin-left: 40%;">

HUNTER, MACLEAN, EXLEY
& DUNN, P.C.


/s/ Sarah H. Lamar
_____
Sarah H. Lamar
Georgia Bar No. 431185
*Attorneys for Floco Foods, Inc.*

</div>

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone:  (912) 236-0261
Facsimile:   (912) 236-4936
Email: slamar@huntermaclean.com

4831-5375-4480 v1

**COPY OF NOTICE TO PLAINTIFF'S ATTORNEY OF REMOVAL**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **STEVE GOODWIN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. [Case #] |
| | ) |
| **FLOCO FOODS, INC.,** | ) |
| | ) |
| Defendant. | ) |

## NOTICE TO ATTORNEY OF REMOVAL

TO:

       John M. Brown, Esq.
       2603 Commons, Blvd., Suite 3
       Augusta, Georgia 30901

Notice is hereby given that Floco Foods, Inc., ("Floco Foods"), has filed in the United States District Court for the Northern District of Georgia, Atlanta Division, its Notice of Removal of the case styled as *Steve Goodwin v. Floco Foods, Inc.*, Case No. 18-AO6334-7, from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

1

This <u>29</u><sup>th</sup> day of August, 2018.

HUNTER, MACLEAN, EXLEY
& DUNN, P.C.


*/s/ Sarah H. Lamar*
Sarah H. Lamar
Georgia Bar No. 431185
*Attorneys for Floco Foods, Inc.*

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone:   (912) 236-0261
Facsimile:    (912) 236-4936
Email: slamar@huntermaclean.com

2

4818-7803-0704 v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **STEVE GOODWIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. [Case #] |
| | ) | |
| **FLOCO FOODS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE TO ATTORNEY OF REMOVAL** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid and properly addressed to the following:

John M. Brown, Esq.                  Shellana Welch
2603 Commons, Blvd., Suite 3          Post Office Box 358
Augusta, Georgia 30901                Grovetown, Georgia 30813
mike@mikebrownlaw.net                 shellana.welch@gmail.com

3

4818-7803-0704 v1

This <u>29<sup>th</sup></u> day of August, 2018.

HUNTER, MACLEAN, EXLEY
& DUNN, P.C.


/s/ Sarah H. Lamar
Sarah H. Lamar
Georgia Bar No. 431185
*Attorneys for Floco Foods, Inc.*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412
Telephone:   (912) 236-0261
Facsimile:   (912) 236-4936
Email: slamar@huntermaclean.com

4

**COPY OF NOTICE TO CLERK OF SUPERIOR COURT OF REMOVAL**

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

STEVE GOODWIN, )
)
          Plaintiff, )
)
vs. )   Case No. 18-AO6334-7
)
FLOCO FOODS, INC., )
)
          Defendant. )

## NOTICE OF REMOVAL TO CLERK OF GWINNETT COUNTY

**TO:   THE CLERK OF THE SUPERIOR COURT OF GWINNETT COUNTY**

Please take notice that Floco Foods, Inc. ("Floco Foods"), Defendant in the above-styled matter originally pending in the Superior Court of Gwinnett County, State of Georgia, as Civil Action Number 18-AO6334-7, did on this 29th day of August, 2018, file in the United States District Court for the Northern District of Georgia, Atlanta Division, its Notice of Removal of said case to said Court. A copy of said Notice and Exhibits thereto filed in the United States District Court for the Northern District of Georgia, Atlanta Division, are attached hereto.

This 29th day of August, 2018.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.


Sarah H. Lamar
Georgia Bar No. 431185
*Attorneys for Floco Foods, Inc.*

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone:   (912) 236-0261
Facsimile:   (912) 236-4936
Email: slamar@huntermaclean.com

4845-0143-6784 v1

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

STEVE GOODWIN,                      )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )   Case No. 18-AO6334-7
                                    )
FLOCO FOODS, INC.,                  )
                                    )
            Defendant.              )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL TO CLERK OF GWINNETT COUNTY** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid and properly addressed a to the following:

John M. Brown, Esq.                     Shellana Welch
2603 Commons, Blvd., Suite 3            Post Office Box 358
Augusta, Georgia 30901                  Grovetown, Georgia 30813
mike@mikebrownlaw.net                   shellana.welch@gmail.com

This 29th _____ day of August, 2018.

                          HUNTER, MACLEAN, EXLEY & DUNN, P.C.


                          Sarah H. Lamar
                          Georgia Bar No. 431185
                          *Attorneys for Floco Foods, Inc.*

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone:    (912) 236-0261
Facsimile:    (912) 236-4936
Email: slamar@huntermaclean.com

Page 2 of 2

4845-0143-6784 v1

COPY OF NOTICE TO JUDGES OF SUPERIOR COURT OF REMOVAL

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

STEVE GOODWIN,                          )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )   Case No. 18-AO6334-7
                                        )
FLOCO FOODS, INC.,                      )
                                        )
            Defendant.                  )

## NOTICE OF REMOVAL TO JUDGES
## OF SUPERIOR COURT OF GWINNETT COUNTY

**TO:   JUDGES OF THE SUPERIOR COURT OF GWINNETT COUNTY**

Please take notice that FLOCO FOODS, INC. ("Floco Foods"), Defendant in the above-styled matter originally pending in the Superior Court of Gwinnett County, State of Georgia, as Civil Action Number 18-AO6334-7, did on this 29th day of August, 2018, file in the United States District Court for the Northern District of Georgia, Atlanta Division, its Notice of Removal of said case to said Court.  A copy of said Notice and Exhibits thereto filed in the United States District Court for the Northern District of Georgia, Atlanta Division, are attached hereto.

This 29th day of August, 2018.

                          HUNTER, MACLEAN, EXLEY & DUNN, P.C.

                          _____
                          Sarah H. Lamar
                          Georgia Bar No. 431185
                          *Attorneys for Floco Foods, Inc.*

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone:    (912) 236-0261
Facsimile:    (912) 236-4936
Email: slamar@huntermaclean.com

4833-2067-4160 v1

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

STEVE GOODWIN,                    )
                                  )
        Plaintiff,                )
                                  )
vs.                               )   Case No. 18-AO6334-7
                                  )
FLOCO FOODS, INC.,                )
                                  )
        Defendant.                )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL TO JUDGES OF SUPERIOR COURT OF GWINNETT COUNTY** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed to the following:

John M. Brown                Shellana Welch
2603 Commons Blvd., Suite C   Post Office Box 358
Augusta, Georgia 30901        Grovetown, Georgia 30813

This 29th day of August, 2018.

                        HUNTER, MACLEAN, EXLEY & DUNN, P.C.


                        Sarah H. Lamar
                        Georgia Bar No. 431185
                        *Attorneys for Floco Foods, Inc.*

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone:    (912) 236-0261
Facsimile:    (912) 236-4936
Email: slamar@huntermaclean.com

4833-2067-4160 v1

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

STEVE GOODWIN  )
    Plaintiff,  )
                   )CIVIL ACTION No.
    v.          )
                   )   **18 AOG334-7**
FLOCO FOODS, INC.  )
    Defendant.  )

### NOTICE OF LAWSUIT AND REQUEST FOR
### WAIVER OF SERVICE OF SUMMONS
### WAIVER OF SERVICE OF SUMMONS

To:   JOHN MICHAEL BROWN, ATTORNEY FOR PLAINTIFF
      2603 Commons Blvd., Suite C
      Augusta, GA 30909

I acknowledge receipt of your request that I waive service of a summons in the action of STEVE GOODWIN V. FLOCO FOODS, INC. which is case number **18 AOG334-7** in the Superior Court of the State of Georgia in and for the County of Gwinnette. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring FLOCO FOODS, Inc. be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

FLOCO FOODS, Inc. will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against FLOCO FOODS, Inc. if an answer is not served upon you within 60 days after the date this waiver was sent or within 90 days after that date if the request for the waiver was sent outside the United States.

This 20 day of ___August___ , 2018.

as ___Attorney___

of Defendant FLOCO FOODS, Inc.

**COPY OF SUPERIOR COURT DOCUMENTS FILED IN MATTER**



IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

STEVE GOODWIN                    )
        Plaintiff,               )
                                 )
    V.                           ) CIVIL ACTION No.
                                 )
FLOCO FOODS, INC.                ) 18  A06334-
        Defendant.               )
                                 )

COMPLAINT FOR DAMAGES

JURY DEMAND

COMES NOW Plaintiff in the above-styled case, and file this Complaint against the

Defendant; and alleges the following:

1. Plaintiff Steve Goodwin is a resident of the State of Georgia and is subject to the

   venue and jurisdiction of this Court.

2. Defendant Floco Foods, Inc. is a corporation conducting business in the State of

   Georgia, and may be served through the registered agent, CT Corporation System

   at 289 S. Culver St., Lawrenceville, GA 30046. Jurisdiction and venue are proper

   before this court.

3. Plaintiff at all times relevant was an employee at IGA/KJ's Market located in

   Harlem, Georgia, which is owned and operated by the Defendant.

4. Plaintiff Steve Goodwin was employed by Defendant as a store manager.

5. Plaintiff was employed by Defendant from September 22, 1999 until December 18,

   2017.

6. Plaintiff was constructively discharged from his employment on December 18,

   2017.

1

7. Prior to his discharge Plaintiff was asked by Defendant to engage in illegal behavior and violate the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. See Exhibit A.

8. Fair Labor Standard Act requires that hourly wage employees be paid for time spent driving or riding to mandatory work training.

9. Defendant directed Plaintiff on multiple occasions to violate the Fair Labor Standards Act.

10. Defendant Directed Plaintiff to not pay hourly-wage employees wages for time spent driving or riding to mandatory training.

11. Plaintiff brought it to the attention of the Defendant that Federal Law required that hourly wage employees must be paid for time spent driving or riding to mandatory training.

12. Defendant's repeated requirements that Plaintiff engage in conduct that violated the FLSA made intolerable employment conditions for the Plaintiff.

13. Plaintiff was retaliated against for notifying Defendant of violations of the FLSA.

14. On December 18, 2017 the Plaintiff was forced with the option to both participate in the violation of federal law and not pay employees the proper amount, or to resign.

15. In lieu of violating the FLSA, plaintiff resigned.

16. Plaintiff is entitled to recover liquidated damages as a result of Defendant's conduct.

17. Plaintiff is entitled to recover punitive damages as a result of Defendant's conduct.

18. Plaintiff is entitled to recover damages for the loss of his employment.

2

19. Plaintiff is entitled to recover damages for the loss of his employment which resulted in lost wages, lost future wages, general damages for his mental pain and anguish, and his attorney fees.

20. Under the aforesaid Act, Plaintiff is entitled to damages, including pain and suffering damages and reasonable attorney's fees and litigation expenses.

WHEREFORE Plaintiff prays for the following:

    A.    That this court awards him any and all direct economic loss, to include his lost wages resulting from his loss of employment as alleged herein.

    B.    That this court awards him damages for his mental pain and suffering.

    C.    That this court awards him punitive damages to deter Defendant from such further intentional acts.  These acts were performed with intent to cause harm in that they were part of a retaliatory scheme against Plaintiff.

    D.    That this court awards him reasonable attorney's fees and other reasonable costs of litigation herein.

## CLAIM FOR JURY TRIAL

COMES NOW the above-named Plaintiff in his initial pleading to this Court and requests that this Court grant him a trial by jury of all issues that would properly be submitted to a jury in this case.

Respectfully submitted this 12th day of July, 2018.

2603 Commons Blvd, Suite C
Augusta, GA 30901
706-731-9925
FAX 731-9559

/s John M. Brown
John M. Brown
Attorney for Plaintiff
GA Bar No. 088138

3

P.O. Box 358
Grovetown, Georgia   30813
Telephone: (706) 750-8455
shellana.welch@gmail.com

Shellana Welch
Georgia Bar No.: 484058
Attorney for Plaintiff

4

**COPY**

**General Civil and Domestic Relations Case Filing Information Form**

18 A06334-7

☒ Superior or ☐ State Court of _Gwinnett_ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed: _____ (MM-DD-YYYY) | Case Number _____ | |

**Plaintiff(s)**
Goodwin    Steve

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Floco Foods, Inc

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** John Brown   **Bar Number** 088138   **Self-Represented** ☐

**Check One Case Type In One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA
2018 JUL 23 PM 1:25
RICHARD ALEXANDER, CLERK

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                              **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**COPY**

Steve Goodwin

PLAINTIFF

CIVIL ACTION
NUMBER:

18 A06334-7

**JURY DEMAND**

VS.

Floco Foods, Inc.

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

John Brown
2603 Commons Blvd.
Suite C
Augusta, GA 30901

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____23_____ day of _____July_____, 20 18.

Richard T. Alexander, Jr.,
Clerk of Superior Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2018 AUG 29  AM 10: 55

RICHARD ALEXANDER, CLERK

STEVE GOODWIN,                    )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   Case No. 18-AO6334-7
                                  )
FLOCO FOODS, INC.,                )
                                  )
            Defendant.            )
                                  )

## ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Floco Foods, Inc. ("Defendant" or "Floco Foods"), and files its Answer to Plaintiff's Complaint. Floco Foods denies that it or any of its employees committed any act or omitted to perform any act giving rise to the imposition of liability or damages against it or them, and respectfully shows the Court as follows:

### First Defense

The paragraph numbers of this defense correspond with those of the Complaint.

1.

Upon information and belief, Defendant admits that Plaintiff is a resident of the state of Georgia and is subject to the jurisdiction of this Court. Further answering, the proper venue for this action is United States District Court for the Southern District of Georgia, Augusta Division.

2.

Defendant admits that it is a corporation which conducts business in the state of Georgia and that it may be served through its registered agent, CT Corporation at 289 S. Culver Street, Lawrenceville, Georgia 30046. Defendant also admits that it is subject to the jurisdiction of the Court. Further answering, the proper venue for this action is United States District Court for the Southern District of Georgia, Augusta Division.

4810-9199-2688 v1

3.

Defendant admits that Plaintiff was employed by Defendant and that, at the time of his resignation, he worked at K.J.'s Market IGA in Harlem, Georgia, which is owned and operated by Defendant. Except as admitted herein, Defendant otherwise denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits that at the time of his resignation from Floco Foods, Plaintiff was the store manager of K.J.'s Market IGA in Harlem, Georgia. Except as admitted herein, Defendant otherwise denies the allegations in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits that Plaintiff was employed with Floco Foods from September 1999 to on or about December 18, 2017. Except as admitted herein, Defendant otherwise denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6.

Denied.

7.

Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint and further denies that an "Exhibit A" was attached thereto.

8.

Paragraph 8 of Plaintiff's Complaint is a legal conclusion to which no response is required. Defendant denies that it has committed any act or omitted to perform any act giving rise to the imposition of liability or damages against it. Except as admitted herein, Defendant otherwise denies the allegations in Paragraph 8 of Plaintiff's Complaint.

4810-9199-2688 v1

9.

Denied.

10.

Denied.

11.

Denied.

12.

Denied.

13.

Denied.

14.

Denied.

15.

Defendant admits that Plaintiff resigned. Except as admitted herein, Defendant otherwise denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.

Denied.

17.

Denied.

18.

Denied.

19.

Denied.

4810-9199-2688 v1

20.

Denied.

21.

Defendant denies all allegations of the Complaint not specifically admitted in this Answer.

22.

Defendant denies that Plaintiff is entitled to a jury trial on equitable issues.

23.

Defendant denies that Plaintiff is entitled to the relief requested in his Prayer for Relief.

**Second Defense**

The Complaint should be dismissed to the extent that it fails to state a claim upon which relief may be granted.

**Third Defense**

The Complaint should be dismissed because Defendant has fully compensated Plaintiff for all work performed by Plaintiff on its behalf and Plaintiff has suffered no damages to warrant recovery in this action.

**Fourth Defense**

The Complaint should be dismissed because no act or omission of Defendant concerning Plaintiff, which is expressly denied, was willful, knowing, or in reckless disregard for the provisions of the FLSA or any other state or federal law.

4810-9199-2688 v1

### Fifth Defense

The Complaint should be dismissed to the extent that Plaintiff's claims are barred by the doctrines of payment, estoppel, laches, waiver, release, accord and satisfaction, and/or unclean hands.

### Sixth Defense

The Complaint should be dismissed to the extent that Plaintiff failed to mitigate his alleged damages.

### Seventh Defense

Plaintiff's claims for liquidated damages under the FLSA are barred in whole or in part because all actions taken by Defendant concerning Plaintiff were taken in good faith and without malice or reckless indifference or disregard for any of Plaintiff's statutory or common law rights.

### Eighth Defense

The Complaint should be dismissed to the extent actions taken in connection with Plaintiff were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### Ninth Defense

The Complaint should be dismissed because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not in violation of the FLSA or any other state or federal law.

4810-9199-2688 v1

### Tenth Defense

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in 29 U.S.C. § 255(a), or any other applicable limitations period, such claims are barred.

### Eleventh Defense

Defendant is not liable for Plaintiff's alleged damages because if any person engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she did so without knowledge, authorization, or ratification by Defendant.

### Twelfth Defense

The Complaint and each cause of action thereof, is barred – or damages flowing there from reduced – because Plaintiff failed to notify Defendant of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendant from taking any action to remedy such alleged violations.

### Thirteenth Defense

The Complaint should be dismissed to the extent that Plaintiff's claims are barred or limited by the doctrine of after-acquired evidence.

### Fourteenth Defense

Plaintiff's Complaint should be dismissed to the extent that Goodwin seeks equitable remedies but comes to the court with unclean hands and is otherwise barred by concepts of fairness and equity.

### Fifteenth Defense

Plaintiff's claims, and each of them, that seek the imposition of multiple penalties and/or exemplary damages for the same basic wrongs are unconstitutional in that such relief violates the Due Process Clause of the federal Constitution.

### Sixteenth Defense

Venue is improper in this Court: the proper venue for this action is United States District Court for the Southern District of Georgia, Augusta Division.

### Seventeenth Defense

Defendant is not liable for any alleged punitive damages because neither Defendant nor any of Defendant's officers, directors, or managing agents committed any discriminatory or retaliatory practices with malice or reckless indifference to the federally protected rights of Goodwin.

### Eighteenth Defense

Plaintiff's Complaint should be dismissed because any claim by Goodwin for punitive damages violates the Constitution of the United States and the Constitution for the state of Georgia.

### Nineteenth Defense

Plaintiff's claims are subject to setoff, offset, and/or recoupment.

### Twentieth Defense

Plaintiff's Complaint should be dismissed because Goodwin was an employee at-will.

### Twenty-first Defense

Plaintiff's Complaint should be dismissed because even if Plaintiff could show that alleged discrimination or retaliation was part of any adverse employment decision against him,

which Defendant expressly denies, Defendant had other legitimate non-discriminatory and non-retaliatory reasons for its actions.

<div align="center">

**Twenty-second Defense**

</div>

Plaintiff's Complaint should be dismissed because it fails to follow the requirements of 29 U.S.C. § 216(b) which requires Plaintiff's consent to filing a lawsuit under the FLSA.

WHEREFORE, Defendant respectfully prays that the Court:

(a)    Dismiss Plaintiff's claims with prejudice;

(b)    Enter judgment on all claims in its favor against Plaintiff;

(c)    Award Defendant attorneys' fees, costs and expenses of litigation; and

(d)    Award Defendant such other and further relief as the Court deems appropriate under applicable law.

This 29th day of August, 2018.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

Sarah H. Lamar
Georgia Bar No. 431185
*Attorneys for Floco Foods, Inc.*

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
Telephone: (912) 236-0261
Facsimile: (912) 236-4936
Email: slamar@huntermaclean.com

Page 9 of 10

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

STEVE GOODWIN,             )
                                    )
        Plaintiff,       )
                                      )
vs.                      )   Case No. 18-AO6334-7
                                    )
FLOCO FOODS, INC.,     )
                                    )
        Defendant.    )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed to the following:

John M. Brown
2603 Commons Blvd., Suite C
Augusta, Georgia 30901

Shellana Welch
Post Office Box 358
Grovetown, Georgia 30813

This 29th day of August, 2018.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

Sarah H. Lamar
Georgia Bar No. 431185
*Attorneys for Floco Foods, Inc.*

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
Telephone: (912) 236-0261
Facsimile: (912) 236-4936
Email: slamar@huntermaclean.com

4810-9199-2688 v1